**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PHILLIP HORSWELL,

        Plaintiff,

v.

STATE OF MINNESOTA,

        Defendant.

Case No. 25-cv-4490 (LMP/SGE)

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

---

Before the Court is the Report and Recommendation ("R&R"), ECF No. 3, of United States Magistrate Judge Shannon G. Elkins, which recommends dismissing Plaintiff Phillip Horswell's Complaint, ECF No. 1, without prejudice and denying Horswell's Application to Proceed to Proceed *In Forma Pauperis* ("IFP Application"), ECF No. 2, as moot. Horswell did not file any formal objections but did respond to the R&R by filing a motion for leave to amend his complaint. ECF No. 5. For the reasons that follow, the Court adopts the R&R, denies the motion to amend, and dismisses the complaint.

## BACKGROUND

Horswell brought this action on December 1, 2025. ECF No. 1. In general, Horswell alleges that in 2016, Minnesota state officials unlawfully revoked his provisional discharge from his previous civil commitment because officials arrested and detained him

without a judicial arrest warrant or due process. ECF No. 1 at 1, 4–6.[1] He has remained civilly committed since he was re-detained. *Id.* at 6. Horswell asserts that the state violated his Fourth and Fourteenth Amendment rights by placing him back in civil commitment. *Id.* at 5–6.

As the R&R notes, it is unclear whether Horswell intended his initial complaint as a standard civil action asserting claims under 42 U.S.C. § 1983, or a federal habeas action under 28 U.S.C. § 2254. ECF No. 3 at 2–6. Cautioning against construing the complaint as a habeas action, *id.* at 5–6, Magistrate Judge Elkins recommended dismissing the complaint because of fundamental deficiencies. First, Horswell named only the State of Minnesota as a defendant, but the State of Minnesota is entitled to sovereign immunity. *Id.* at 2–3. Second, to the extent Horswell's complaint sought monetary damages under Section 1983 for unlawful detainment, *see* ECF No. 1 at 7, he would not be entitled to such damages until his detainment is invalidated through appropriate procedures, ECF No. 3 at 3 n.4 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). And third, to the extent Horswell sought a return to provisional discharge status, ECF No. 1 at 7, he is barred from doing so through a Section 1983 action and instead must do so through a habeas action under Section 2254, ECF No. 3 at 3–4.

Instead of filing an objection to the R&R, Horswell filed a motion for leave to amend his complaint in which he simply requests that the Court add "Martin Count[y] Human

---

[1] Horswell was civilly committed in 2010 under Minnesota's civil-commitment provisions for persons deemed mentally ill and dangerous. *In re Commitment of Horswell*, No. A10-488, 2010 WL 3220161, at *1 (Minn. Ct. App. Aug. 17, 2010).

Services, Martin County Sheriff's Department and the MN Department of Human Services" as defendants. ECF No. 5. He later filed a motion for default judgment asserting that none of the proposed defendants had answered the complaint. ECF No. 9.

## ANALYSIS

In general, the Court's review of an R&R is subject to one of two standards. If a party serves written objections to the R&R, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. If, on the other hand, no objections are filed, the Court reviews the R&R for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Horswell's motion for leave to amend is by no means a formal objection. But it is at least partially responsive to the R&R. As noted, the R&R explained that Horswell had only named Minnesota as a defendant but that the State of Minnesota is immune from suit. ECF No. 3 at 2–3. The motion for leave to amend seeks to correct that deficiency and add three new defendants "as the report from the Magistrate [Judge] recommended." ECF No. 5 at 1. But Horswell provides no response to the R&R's *other* noted deficiencies. It does not address the R&R's conclusion that Horswell is barred from seeking monetary damages at this point. Nor does it address the R&R's conclusion that Horswell cannot seek release from custody through a Section 1983 action. And most importantly it does not provide any clarification as to whether Horswell intends his complaint to operate as a

Section 1983 action or as a habeas petition, despite Magistrate Judge Elkins's careful consideration of the issue. As a result, even if the Court considered the motion to amend as an objection and reviewed the R&R de novo, Horswell's complaint must be dismissed because he cannot obtain the relief he seeks through a Section 1983 action, regardless of whether he adds the new defendants. And for the same reasons that led Magistrate Judge Elkins to decline to recharacterize Horswell's complaint as a habeas action (namely, that it would almost certainly be dismissed and that such dismissal would restrict Horswell's ability to seek further habeas relief, ECF No. 3 at 5), the Court will likewise decline to recharacterize Horswell's complaint given his silence on the issue. If Horswell did intend to initiate a habeas action, he is free to file a new complaint making his intentions clear. But Horswell is cautioned that—if he intends to seek habeas relief in federal court—he must explain how he meets the strict procedural requirements of 28 U.S.C. § 2244(d) and 28 U.S.C. § 2254(b)(1)(A).

Two final housekeeping matters. First, if Horswell's motion for leave to amend was filed pursuant to Federal Rule of Civil Procedure 15, it suffers from several procedural issues. *See* D. Minn. L.R. 15.1 (noting that "any amended pleading must be complete in itself and must not incorporate by reference any prior pleading" and that a "motion to amend a pleading must be accompanied by" a copy of "the proposed amended pleading"). Regardless, the Court would deny it as futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation omitted) (holding that a court may properly deny leave to amend when the proposed amended complaint is futile because it "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure"). Specifically, a claim against

4

the Minnesota Department of Human Services would be barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), the Martin County Sheriff's Department is not an entity subject to suit, *see De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam), and a claim against Martin County Human Services would have to satisfy the requirements of *Monell v. Department of Social Services* o*f New York*, 436 U.S. 658 (1978), which the Complaint does not purport to do.

Second, the Court denies Horswell's motion for default judgment. Again, the motion is procedurally deficient. *See* Fed. R. Civ. P. 55 (explaining that before a litigant can seek a default judgment it must first seek an entry of default with the Clerk of Court). It is also meritless. No defendant or purported defendant has been served. *Stuke v. Leonard, Street & Deinard*, No. 11-cv-0141 MJD/SER, 2011 WL 2491377, at *2 (D. Minn. May 10, 2011), *report and recommendation adopted*, 2011 WL 2490715 (D. Minn. June 23, 2011) ("When a defendant is not properly served with a summons and the complaint, the plaintiff is not entitled to default judgment."). Even if a defendant had been served, Horswell is also not entitled to a default judgment because his complaint is meritless as pleaded. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (holding that a district court should dismiss a complaint and deny default judgment when factual allegations do not constitute legitimate cause of action).

## ORDER

Based upon all of the files, records, and proceedings in this matter, **IT IS ORDERED THAT**:

5

1.    The R&R (ECF No. 3) is **ADOPTED**;

2.    Horswell's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

3.    Horswell's IFP Application (ECF No. 2) is **DENIED** as moot;

4.    Horswell's motion for leave to amend (ECF No. 5) is **DENIED**; and

5.    Horswell's motion for default judgment (ECF No. 9) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2026                  *s/Laura M. Provinzino*
                                      Laura M. Provinzino
                                      United States District Judge

6